UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                        Case No. 16-cr-20263

v.                                          Honorable Thomas L. Ludington

ROBERT L. SAMP,

        Defendant.

_____/

**ORDER DENYING MOTION FOR A BILL OF PARTICULARS AND SCHEDULING AN EVIDENTIARY HEARING**

On April 14, 2016, Defendant Robert L. Samp was indicted on a count of willfully failing to make an income tax return on income of approximately $53,595 for 2009, in violation of 26 U.S.C. § 7203; a count of willfully attempting to evade income tax on income of approximately $278,069 in 2010, in violation of 26 U.S.C. § 7201; and a count of willfully attempting to evade income tax on income of approximately $198,155 in 2011, in violation of 26 U.S.C. § 7201. ECF No. 1. On August 10, 2016, the Court granted Defendant Robert L. Samp's motion to substitute retained attorneys for his appointed counsel. Also on August 10, 2016, the Government issued a superseding indictment which charged Samp, in Count Four, with the additional count of possessing a firearm while being an unlawful user of a controlled substance, in violation of 18 U.S.C. § 922(g)(3). ECF No. 20.

Now, Samp has filed two motions, both challenging Count Four of the superseding indictment. First, Samp has filed a motion for injunctive relief asking the Court to enjoin the Government from further prosecution of Count Four. ECF No. 30. Second, Samp has filed a motion for a bill of particulars regarding Count Four. For the reasons stated below, an

evidentiary hearing will be scheduled on Samp's motion for injunctive relief and Samp's motion for a bill of particulars will be denied.

## I.

Samp's motion for injunctive relief requests that the Court enjoin the Government from further prosecution of Count Four of the superseding indictment. That count asserts that Samp, "then being an unlawful user of a controlled substance, knowingly possessed a firearm, in and affecting commerce, in violation of 18 U.S.C. § 922(g)(3)." ECF No. 20. Samp is not directly charged with possession or distribution of controlled substances. Rather, Count Four appears to arise out of Samp's possession of firearms while running a medical marijuana farm.

In support of his motion for injunctive relief, Samp relies upon *United States v. McIntosh*, 833 F.3d 1163 (9th Cir. 2016). In *McIntosh*, the Ninth Circuit considered appeals in ten cases. *Id.* at 1168. Each appellant had been indicted for an infraction of the Controlled Substances Act, including charges of being felons in possession of firearms in violation of 18 U.S.C. § 922(g)(1).[1] *Id.* at 1169. The appellants based their argument on the following rider which Congress included in an omnibus appropriations bill:

> None of the funds made available in this Act to the Department of Justice may be used, with respect to the States of Alabama, Alaska, Arizona, California, Colorado, Connecticut, Delaware, District of Columbia, Florida, Hawaii, Illinois, Iowa, Kentucky, Maine, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nevada, New Hampshire, New Jersey, New Mexico, Oregon, Rhode Island, South Carolina, Tennessee, Utah, Vermont, Washington, and Wisconsin, to prevent such States from implementing their own

---

[1] The Government argues that *McIntosh* is distinguishable because none of the Defendants were charged with violation of § 922(g)(1), but for purposes of the statutory analysis conducted in *McIntosh*, there is no material difference between § 922(g)(1) and § 922(g)(3). The Government cites *United States v. Wilson*, 835 F.3d 1083 (9th Cir. 2016), for the proposition that *McIntosh* does not preclude the prosecution of a state marijuana card holder for violation of §922(g)(3). But *Wilson* involved a civil constitutional challenge to federal statutes that prevented the plaintiff from buying a gun because she was a medical marijuana card holder. The question of whether § 922(g)(3) can constitutionally be applied to a medical marijuana card holder is entirely separate from the question, addressed in *McIntosh*, of whether the DOJ has been authorized to prosecute individuals in full compliance with state medical marijuana laws for violation of federal drug laws.

> State laws that authorize the use, distribution, possession, or cultivation of medical marijuana.

Consolidated and Further Continuing Appropriations Act, 2015, Pub. L. No. 113–235, § 538, 128 Stat. 2130, 2217 (2014).

An essentially identical rider was included in the appropriations act for the fiscal year ending September 30, 2016. Consolidated Appropriations Act, 2016, Pub. L. No. 114–113, § 542, 129 Stat. 2242, 2332–33 (2015).

The Ninth Circuit first determined that the appellants had standing to "complain that DOJ is spending money that has not been appropriated by Congress." *McIntosh*, 833 F.3d at 1173. The Ninth Circuit then analyzed whether the statutory language actually prohibited the DOJ from prosecuting private individuals for violations of federal drug law when the individuals were in compliance with state medical marijuana laws. The *McIntosh* Court concluded that, "at a minimum, § 542 prohibits DOJ from spending funds from relevant appropriations acts for the prosecution of individuals who engaged in conduct permitted by the State Medical Marijuana Laws and who fully complied with such laws." *Id.* at 1177. However, the court also found that the statutory language does not prevent the DOJ from prosecuting "individuals who engage in conduct unauthorized under state medical marijuana laws." *Id.* at 1178.

The *McIntosh* Court chose to "leave to the district courts . . . the precise remedy that would be appropriate" for violations of § 542. *Id.* at 1179. However, the court did hold that: "If DOJ wishes to continue these prosecutions, Appellants are entitled to evidentiary hearings to determine whether their conduct was completely authorized by state law, by which we mean that they strictly complied with all relevant conditions imposed by state law on the use, distribution, possession, and cultivation of medical marijuana." *Id.*

The Government argues that this Court should not follow the Ninth Circuit's approach in *McIntosh*, but does not attempt to undermine the Ninth Circuit's reasoning. True, no other circuit court of appeals has addressed this specific issue. But the Government does not proffer any authority which would contradict or distinguish the Ninth Circuit's conclusions. While this Court is not required to follow the Ninth Circuit's lead, the *McIntosh* opinion is thorough, well-supported, and well-reasoned. The Government has provided no rationale for reaching an alternative conclusion. The language of § 542 clearly prohibits the DOJ from expending funds to prevent Michigan from implementing its own state law regarding the use, distribution, possession, and cultivation of medical marijuana. Here, Count Four is charging Samp with possession of firearms in connection with his medical marijuana business. The Government has not alleged that Samp's possession of the firearms was unlawful apart from his medical marijuana business. Although the Government is not attempting to directly prosecute Samp for his medical marijuana business, which would be in direct violation of § 542, Count Four accomplishes materially the same effect. Accordingly, if Samp fully complied with the Michigan medical marijuana law, then the Government's prosecution of Count Four is in violation of § 542.

To answer the question of whether Samp was complying with the Michigan medical marijuana law, an evidentiary hearing is necessary. The remaining issue is which party bears the burden of proof at the hearing. Because this is a novel issue, there is no directly controlling precedent. However, the Sixth Circuit has held that it is "appropriate for a trial court, confronted with a non-frivolous double jeopardy claim, to shift to the government the burden of proving by a preponderance of the evidence that it is not seeking to prosecute the same offense a second time."

*United States v. Jabara*, 644 F.2d 574, 576–77 (6th Cir. 1981). *See also United States v. Sinito*, 723 F.2d 1250, 1263 (6th Cir. 1983) (putting the burden of proof at a double-jeopardy evidentiary hearing on the government, but declining to require a certain number of witnesses or amount of evidence). That approach is instructive here. It is axiomatic that criminal defendants are innocent until proven guilty and that the Government bears the burden of demonstrating their guilt. *See In re Winship*, 397 U.S. 358, 362 (1970).[2] As such, the presumption must be that Samp has complied with the Michigan medical marijuana law. If the Government can prove, by a preponderance of the evidence, that Samp was not in full compliance with the Michigan medical marijuana law, then the Government will be allowed to continue prosecuting Count Four.

**II.**

Samp also argues that the Government should be directed to provide a bill of particulars providing additional information regarding Count Four. Specifically, Samp argues that the indictment does not specifically identify the firearm or firearms Samp is charged with possessing and likewise does not clearly identify the temporal scope of the offense. In response, the Government points to page ranges in the discovery provided to Samp which identifies the firearms seized during the search of Samp's residence and specifies where the firearms were seized from. The Government also lists and describes the firearms.

A bill of particulars is meant to "inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague, and indefinite for such purposes." *United States v. Birmley*, 529 F.2d 103, 108 (6th Cir. 1976). The information

---

[2] Proof of criminal charges require proof beyond a reasonable doubt. *Id.* However, the evidentiary hearing will not resolve any questions of criminal guilt and thus the Government need not prove its case beyond a reasonable doubt.

provided by the Government in response to Samp's motion (and contained in the discovery provided to Samp) is sufficiently precise to allow Samp to prepare a defense. The firearms in questions were included in the discovery provided to Samp and now listed by the Government. And although the indictment does not provide an exact date range for when the offense occurred, it does list the end date: September 21, 2011. Presumably, that is the day when Samp's house was searched and the firearms were seized. Samp has not provided, and the Court cannot conceive of, a reason why additional specificity is needed. Samp's motion for a bill of particulars will be denied.

### III.

Accordingly, it is **ORDERED** that an evidentiary hearing is **SCHEDULED** for January 6, 2017 at 2:00 pm on Defendant Samp's motion for injunctive relief, ECF No. 30.

It is further **ORDERED** that Defendant Samp's motion for a bill of particulars, ECF No. 32, is **DENIED.**

Dated: December 13, 2016                                s/Thomas L. Ludington
                                                        THOMAS L. LUDINGTON
                                                        United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 13, 2016.

s/Kelly Winslow for
MICHAEL A. SIAN, Case Manager