UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                                Case No. 16-cr-20263

v.                                                  Honorable Thomas L. Ludington

ROBERT L. SAMP,

        Defendant.

_____/

**ORDER GRANTING MOTION TO RESCHEDULE FINAL PRETRIAL
CONFERENCE, DIRECTING SUPPLEMENTAL BRIEFING,
AND DETERMINING EXCLUDABLE DELAY**

On April 14, 2016, Defendant Robert L. Samp was indicted on three counts of willfully failing to make an income tax return. On August 10, 2016, the Court granted Defendant Robert L. Samp's motion to substitute retained attorneys for his appointed counsel. Also on August 10, 2016, the Government issued a superseding indictment which charged Samp with the additional count of possessing a firearm while being an unlawful user of a controlled substance, in violation of 18 U.S.C. § 922(g)(3). ECF No. 20. On February 22, 2017, a second superseding indictment was filed which altered Samp's alleged tax liability. ECF No. 47. On February 24, 2017, Samp filed a motion requesting that the final pretrial conference, currently scheduled for March 16, be rescheduled. ECF No. 48. In the motion, Samp represents that one of his counsel has a previous family commitment from March 16, 2017, to March 20, 2017.

On November 18, 2016, Samp filed a motion to enjoin the Government from prosecuting Count Four. ECF No. 30. In the motion, Samp refers to a provision in the most recent federal Consolidated Appropriation Act which bars the Department of Justice from spending funds to

prevent "States from implementing their own State laws that authorize the use, distribution, possession, or cultivation of medical marijuana." Consolidated Appropriations Act, 2016, Pub. L. No. 114–113, § 542, 129 Stat. 2242, 2332–33 (2015). In *United States v. McIntosh*, 833 F.3d 1163 (9th Cir. 2016), the Ninth Circuit interpreted that provision as prohibiting federal prosecutors from prosecuting individuals for conduct that conformed with state medical marijuana laws, but that otherwise violated federal laws. To determine whether Samp was in strict compliance with Michigan's medical marijuana law, the Court held an evidentiary hearing over three days. The last day of the hearing was held on February 27, 2017. At the end of the hearing, the Court indicated that the parties would be directed to submit supplemental briefing on several issues related to the provisions of the Michigan medical marijuana law *as they existed during the relevant timeframe*. Specifically, the parties should address the legality of marijuana "edibles," the total amount of marijuana that could be legally possessed by patients and caregivers under the statute, whether the law required that marijuana for personal use be kept separate from marijuana for caregiving use, and whether the law required marijuana to be secured in a locked container. The parties are also directed to provide their calculation of the total amount of marijuana that was seized during the search of Samp's property. The Government is further directed to provide Inspector Hahn's report listing the items seized (and their weight), as well as any other supplemental reports which may be relevant and have been provided to Samp previously. The briefs should be no longer than ten pages.

The motion for an adjournment of the final pretrial conference will be granted. The final pretrial conference will be rescheduled to March 30, 2017, at 2:00 p.m. Further, the Court notes that there will be eight days left on Samp's Speedy Trial Act clock from the day that the pending motion for injunctive relief is entered. Because, depending on the decision in that order, the

parties will need time to recalibrate their trial preparations, the Court finds that the ends of justice necessitate excluding the time from Samp's previously scheduled trial to the currently scheduled trial. *See* 18 U.S.C. § 3161(h)(7)(A) and (B)(i), (ii), and (iv). Given the amount of time that this case has been pending, however, future adjournments or exclusions are unlikely to be granted.

Accordingly, it is **ORDERED** that Defendant Samp's motion for an adjournment, ECF No. 48, is **GRANTED.**

It is further **ORDERED** that the Final Pretrial Conference is **ADJOURNED** to **March 30, 2017, at 2:00 p.m.**

It is further **ORDERED** that the parties are **DIRECTED** to submit supplemental briefing on the issues described above, of no more than ten pages, **on or before March 10, 2017.**

It is further **ORDERED** that the time period from January 10, 2017, to April 18, 2017, be **EXCLUDED** for the purpose of computing the time limits under 18 U.S.C. § 3161(h)(7)(A) & (B)(i), (ii) & (iv).

Dated: March 1, 2017                             s/Thomas L. Ludington
                                                 THOMAS L. LUDINGTON
                                                 United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 1, 2017.

s/Michael A. Sian
MICHAEL A. SIAN, Case Manager