**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

ROBERT SAMP,

       *Petitioner,*               CRIM. CASE NO: 1:16-cr-20263
                                  CIV. CASE NO.: 1:18-cv-12778
*v.*                                   DISTRICT JUDGE THOMAS L. LUDINGTON
                                  MAGISTRATE JUDGE PATRICIA T. MORRIS

UNITED STATES OF AMERICA,

       *Respondent.*

_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**ON PETITIONER'S 28 U.S.C. § 2255 MOTION**
**TO VACATE, SET ASIDE, OR CORRECT SENTENCE**
(R. 82)

## I.    RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that the motion be **GRANTED IN PART AND DENIED IN PART.** More specifically, it is recommended that Petitioner's motion be granted as to the supervised release portion of his sentence but denied as to the custodial portion of his sentence since that issue is moot. It is further recommended that the motion be denied as to his claim regarding restitution.

## II.    REPORT

### A.    Introduction

Petitioner Robert Samp's 28 U.S.C. § 2255 motion to vacate his prison sentence (R. 82, 91) is before the Court under an order of reference from United States District Judge Thomas L. Ludington. (R. 85.)

On February 22, 2017, a second superseding indictment charged Petitioner with the following Counts: (1) failure to file an income tax return, supply information, or pay tax in 2010;

(2) tax evasion for the calendar year 2010 in the amount of $236,569; (3) tax evasion for the calendar year 2011 in the amount of $202,102; and (4) possession of a firearm while being an unlawful user of controlled substances in violation of 26 U.S.C.§§ 7203, 7201, and 18 U.S.C. § 922(g)(3), respectively. (R. 47.)

On March 30, 2017, Petitioner pleaded guilty to Count 1 of the second superseding indictment, a Class A misdemeanor punishable by up to one year incarceration without a plea agreement. A jury trial was held from April 19, 2017 to April 28, 2017. On April 28, 2017, the jury returned a verdict of not guilty on Counts 2, 3, and 4. (R. 63.) An amended judgment filed on November 3, 2017, sentenced Petitioner to 12 months incarceration to be followed by one year supervised release. (R.79 at PageID.898-899.) Petitioner was also ordered to pay $178,112 in restitution. (R. 79 at PageID.902.) Petitioner did not appeal his conviction or sentence.

On September 6, 2018, Petitioner filed the instant motion to vacate sentence. Petitioner states: "I amended my 2009, 2010 and 2011 Federal tax return(s), which have been accepted by the IRS. My amended return(s) amount to a restitution order/loss amount of $26,629.08 [as opposed to the Court's calculation of loss of $314,354]. This error violated my rights to due process of law, under the Fifth Amendment of the Constitution." (R. 82 at PageID.949.) Petitioner noted that his sentencing guideline calculations were also based on the alleged erroneous loss amount and that if the guideline range had been calculated properly, he would have been eligible for probation. (R.82 at PageId.961.) Petitioner attaches an affidavit from Mr. Albert Senchuk, CPA, to corroborate the calculations. (R.82 at PageID.967-970.) The government responded to the motion (R. 88), and Petitioner replied and supplemented his reply. (R. 89, 91.) The Court has reviewed and considered all the arguments made in these documents.

**B.    Standard of Review**

To prevail on a § 2255 motion "'a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are generally outside the scope of section 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A movant can prevail on a section 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotation marks omitted)).

"Section 2255 is not a substitute for a direct appeal, and thus a defendant cannot use it to circumvent the direct appeal process." *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003). This procedural default bar extends to "claims that could have been raised on direct appeal but were not." *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013). "In the case where the defendant has failed to assert his claims on direct appeal and thus procedurally defaulted, in order to raise them in a § 2255 motion he also must show either that (1) he had good cause for his failure to raise such arguments and he would suffer prejudice if unable to proceed, or (2) he is actually innocent." *Regalado*, 334 F.3d at 528. Sufficient cause exists if "some objective factor external to the defense" prevented the defendant from raising the issue on direct appeal, not a mere error of counsel. *Murray v. Carrier*, 447 U.S. 478, 488 (1986). The Court may raise this doctrine *sua sponte*. *Elzy v. United States*, 205 F.3d 882, 886 (6th Cir. 2000).

### C.      Analysis and Conclusions

I note at the outset that although Petitioner is no longer incarcerated, his habeas petition under §2255 is not moot because Petitioner remains on supervised release. *Ervin v. Hammond*, No. 13-2136-STA-dkv, 2013 WL 1103774, at *1 (W.D. Tenn. Mar. 15, 2013), citing *United States v. Zack*, No. 98-1526, 1999 WL 96996 (6th Cir. Feb. 1, 1999).

The government contends that Samp's issues are not justiciable under §2255, citing *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996), because "'collateral relief does *not* exist to vindicate rights of constitutional import that may lurk beneath otherwise garden-variety issues of statutory rights or guideline calculations.'" (R.88 at PageID.982-983 (emphasis added).) However, as noted by Samp, the government inserted a "not" into the quote that does not exist in the actual case. (R.89 at PageID.988.) It is difficult to conclude that the addition of the word "not" was clerical when the quote is used by the government to support its position that even where, as here, a petitioner has argued that the error amounts to a constitutional violation, i.e., of due process, that the claim, even if it did rise to that level, remains non-justiciable. In other words, the government relies on the case for the proposition that it misquotes.

It is also hard to imagine such a misunderstanding of the quoted language when the quoted portion falls squarely inside the very topic the court focused on and clarified. The Sixth Circuit in *Grant* explored whether § 2255 relief was available for claims of nonconstitutional error that were procedurally defaulted. After considering several opinions, the  Court noted that "[t]he standard, then, appears to be that nonconstitutional claims not raised at trial or on direct appeal are waived for collateral review except where the errors amount to something akin to a denial of due process. One might be forgiven for observing that this is perilously close to saying that procedurally

4

defaulted nonconstitutional errors are waived unless they amount to constitutional errors." *Grant*, 72 F.3d at 506. The Court then noted that because of society's interest in the finality of judgments, "mistakes in the application of the sentencing guidelines, will rarely, if ever, warrant relief from the consequences of waiver." *Id.* Then, the Court concluded, that "as a practical matter, collateral relief does exist to vindicate rights of constitutional import that may lurk beneath otherwise garden-variety issues of statutory rights or guideline calculations." *Id*. The government's quotation was in error and the proposition gleaned from the erroneous quote is similarly erroneous.

Petitioner's sentence relied on a base offense level of 18 under the sentencing guidelines based on a tax loss calculation of $314,354. (R. 81 at PageID.925); USSG §2T4.1. After a two-point reduction for acceptance of responsibility, Petitioner's base offense level was 16, resulting in a sentencing guideline range of 21-27 months. (R.81 at PageID.927) If Petitioner is correct and the tax loss for the relevant period of 2009-2011 was $26,629.08, the base offense level would be 12, less two points for acceptance of responsibility for a base level of 10, and the resulting guideline range would be 6-12 months. Since the IRS has accepted the calculations done by his accountant, his tax loss calculation appears to be correct.

I suggest that Petitioner's claim is one of constitutional import lurking beneath the sentencing guideline issue. The difference between the amount calculated by the government and the now IRS-accepted calculation exceeds tenfold. The difference between the guideline range of 21-27 months versus a range of 6-12 months is more than double. I suggest that these vast differences rise to the level of a potential due process violation and thus, may be reviewed by the sentencing judge under § 2255.

I also suggest that Petitioner can meet the cause and prejudice test to assert an otherwise procedurally defaulted claim. Petitioner contends that he could not have raised this claim on direct appeal because "Mr. Samp's accountant did not file an acceptable amended return until May 4, 2018, and did not meet with IRS Agent Jonathon Thomas until June 29, 2018." (R.82 at PageID.962.) He continues that since he "had not yet received confirmation from the IRS that his taxes were accepted, and processed" during the time to file a direct appeal, he has asserted good cause for his failure. (R. 89 at PageID.988.) I suggest Petitioner has met the good cause requirement.

As to the prejudice prong, the government contends that Samp could not have suffered any prejudice because "even if Samp was correct in his assertion regarding the tax loss amount for which he was responsible, he acknowledged that his sentencing guidelines range would still incorporate the 12-month sentence he received." (R.88 at PageID.983.) On the other hand, Petitioner argues that "[t]his new finding makes Mr. Samp eligible for probation and also significantly reduces the amount of restitution the Government required him to repay." (R.82 at PageID.961.)

I suggest that the prejudice analysis parallels the mootness issue that was not raised by the parties (likely since Petitioner was still incarcerated at the time the initial briefing was filed) but which is relevant and should be considered. Even though Petitioner has been released from physical custody, he is still subject to the terms of his supervised release and thus, considered to be in custody for purposes of this §2255 motion. *United States v. Zack*, 173 F.3d 431 (6th Cir. 1999)(Table), citing *United States v. Brown*, 117 F.3d 471, 475 (11th Cir. 1997) and *United States v. Essig*, 10 F.3d 968, 970, n. 3 (3rd Cir. 1993). However, "[m]ootness results when events occur

during the pendency of a litigation which render the court unable to grant the requested relief." *Dennis v. Sniezek*, 558 F.3d 508, 513 (6th Cir. 2009). Since Petitioner has served his custodial sentence, relief from incarceration is no longer available. *United States v. Hinson*, No. 2:12-cv-346, 2015 WL 5712767, at *4-5 (E.D. Tenn. Sept. 29, 2015) (finding request for relief from incarceration moot where petitioner had been released from prison but finding modification of supervised release was not moot). The government's argument that Petitioner could not have suffered any prejudice because his sentence would nonetheless have fallen within the guideline range he believes should have applied to him applies only to the custodial sentence and any claims for relief from the custodial sentence are now moot.

However, the Court could modify Petitioner's supervised release; thus, the question of modification of supervised release remains viable. The government's prejudice argument does not address supervised release. Petitioner argues that it "is misplaced to the Government to assume that the District Judge, considering all of the 3553(a) factors, would have imposed the same sentence as it did[.]" (R.89 at PageID.988.) Although any question as to the custodial portion of the sentence is moot, this new information as to the tax loss and resulting guideline range could, in theory, affect the sentencing judge's view of the necessity for continued supervised release. Accordingly, I suggest that this new information and resulting guideline range issue is not moot as to the supervised release portion of the judgment and I suggest Petitioner could have been prejudiced by application of the guideline range that has now been called into question.

Accordingly, I suggest that the Petitioner has stated a claim for which relief could be granted under § 2255 as to the continued propriety of the supervised release portion of his sentence.

As to restitution, Petitioner's claim does not fare as well. The government correctly cites the rule that "[c]ourts uniformly have held that defendants cannot use section 2255 to attack restitution or forfeiture orders incorporated in their judgment." *United States v. Ball*, No. 14-20117, 2017 WL 6059298, at *2 (E.D. Mich. Dec. 7, 2017) (collecting cases); see also,*United States v. Blankenship*, No. 7:17-096-DCR, 2017 WL 3260604, at *3 (E.D. Ky. July 31, 2017) (collecting cases). I thus suggest that his claim regarding restitution must fail. Of course, if the District Judge agrees with the rest of the Report and Recommendation and resentences, restitution could also be amended in light of the new information.

### D.    Evidentiary Hearing

Section 2255 states that

> [u]nless the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

28 U.S.C. § 2255(b). The Sixth Circuit has "observed that a Section 2255 petitioner's burden for establishing an entitlement to an evidentiary hearing is relatively light." *Smith v. United States*, 348 F.3d 545, 551 (6th Cir. 2003) (citation omitted). "In reviewing a § 2255 motion in which a factual dispute arises, 'the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims.'" *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007).

On the other hand, no hearing is required if the motion's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted). Additionally,

> The words 'grant a prompt hearing' are not magic
> words requiring a district judge, who is fully familiar
> with the circumstances under which a guilty plea was
> made, to duplicate procedures and conduct a hearing to
> resolve alleged fact issues which can and should be
> decided on the record that already exists.

*United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993).

In the instant case, there is no material factual dispute that a hearing could address. I therefore suggest that Petitioner is not entitled to a hearing on any of the allegations raised in his motion.

### E.        Conclusion

For the reasons set forth above, it is recommended that Petitioner's motion be granted as to the supervised release portion of his sentence but denied as to the custodial portion of his sentence since that issue is moot. It is further recommended that the motion be denied as to his claim regarding restitution.

## III.   <u>REVIEW</u>

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health &*

*Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  December 3, 2018                     S/ PATRICIA T. MORRIS
                                            Patricia T. Morris
                                            United States Magistrate Judge


### CERTIFICATION

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.  A copy was also sent via First Class Mail to Robert Samp at 17523 North County Road 459, Hillman, MI 49746.

Date: December 3, 2018                     By s/Kristen Castaneda
                                            Case Manager