UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROBERT L. SAMP,

               Petitioner,                              Case No. 16-cr-20263

v.                                                   Honorable Thomas L. Ludington

UNITED STATES OF AMERICA,

               Respondent.

_____/

## OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART REPORT AND RECOMMENDATION, DENYING PETITIONER'S MOTION, DENYING A CERTIFICATE OF APPEALABILITY AND DENYING PERMISSION TO PROCEED IN FORMA PAUPERIS ON APPEAL

On April 14, 2016, Petitioner Robert L. Samp was indicted on one count of willfully failing to prepare and file an income tax return (calendar year 2009 with taxable income of approximately $53,595) and two counts of willfully evading taxes (calendar year 2010 with taxable income of approximately $278,069; calendar year 2011 with taxable income of approximately $198,155). ECF No. 1. On August 10, 2016, the Government issued a superseding indictment which charged Samp with the additional offense of possessing a firearm while being an unlawful user of a controlled substance, in violation of 18 U.S.C. §922(g)(3). ECF No. 20. On February 22, 2017, a second superseding indictment was issued that adjusted Samp's alleged total tax liability ($236,569 for calendar year 2010 and $202,102 for calendar year 2011). ECF No. 47.

Before trial, Samp pleaded guilty to Count One, willful failure to file taxes for tax year 2009. ECF No. 80. On April 28, 2017, Samp was acquitted by a jury of the remaining three counts. ECF No. 63.

On October 26, 2017, Samp was sentenced to 12 months incarceration and 12 months of supervised release. ECF No. 79. He was required to pay $178,112 in restitution. *Id.* Samp has completed his term of incarceration, but is still on supervised release. He has filed a motion to vacate his sentence under 28 U.S.C. §2255. ECF No. 82. Magistrate Judge Morris recommended that Samp's motion be granted in part and denied in part. For the following reasons, Judge Morris's recommendation will be adopted in part and rejected in part.

## I.

### A.

On March 30, 2017, Samp pleaded guilty to one count of willful failure to file his income tax return for tax year 2009. ECF No. 80. After the jury's verdict, a presentence report was prepared and circulated for review by the parties in June of 2017. Both parties made objections to the presentence report. The Government controverted three issues and Samp controverted two, including an objection "to the 'tax loss' amounts…[because] no methodology of the computations is provided nor are the items of income, deductions, expenses, exemptions, or adjustments provided so no meaningful review can be accomplished. However, defendant believes that 2009 includes at least one $30,000 non-income item as income and that 2010 includes at least one $10,000 item which is also non-income." Presentence Investigation Report, A-6. There was no dispute that the 2010 and 2011 tax years were relevant conduct for purposes of calculating the Sentencing Guidelines. *See id.* at A-6–A-7.

On August 10, 2017, the Court held a telephonic status conference to discuss the contested issues identified in the presentence report and to determine if an evidentiary sentencing hearing would be necessary to address any factual questions including the tax loss. Following the

discussion, the Court directed the Government and Samp to submit supplemental documentation addressing the issues, including the relevant tax loss.

The Government filed a fifteen-page brief entitled "Government's Brief Regarding Samp's Criminal Tax-Loss Calculations And Other Guidelines Issues." ECF No. 76. The Government's brief provided a detailed summary of Samp's gross income, his taxable income, the IRS's tax calculation, criminal penalties and interest owing, and an explanation of the application of the guideline ranges. The Government ultimately demonstrated that "Samp's criminal tax-loss total falls within the range of more than $250,000 but not more than $550,000, giving Samp a **base offense level of 18**." *Id.* at PageID.872 (emphasis in original). The Government concluded that Samp's total unpaid tax equaled $18,200 for 2009, $82,974 for 2010, and $76,938 for 2011. *Id.* at PageID.875. This equaled $179,122 in total.

Petitioner's attorney filed a four page "Supplemental Response to the Pre-Sentence Report." ECF No. 75. He explained that "for purposes of computing tax loss for purposes of sentencing, the defendant was generally in agreement with the business-driven deposit analysis." *Id.* at PageID.838. Otherwise he only objected to the inclusion of penalties and interests in determining the tax loss for the Sentencing Guidelines.

Prior to the sentencing hearing, Samp represented that he had submitted amended returns to the IRS for years 2009, 2010, and 2011. However, as of the time of the hearing, receipt by the IRS was unconfirmed.

> MS. PARKER: Well, one thing I would like to add is that Mr. Davis has indicated to the Court and to the Government that 2009 tax return was filed by the defendant. However, that has not been received by the IRS as of 15 minutes ago.
>
> THE COURT: Could you be any more current than 15 minutes?
>
> MS. PARKER: I had to walk over here, Judge, so I couldn't push it much closer. It might be a half hour, but seriously we checked extremely --

THE COURT: Well, we appreciate the accuracy.

MS. PARKER: -- just before we came over here.

ECF No. 81 at PageID.922-923.

Samp's sentencing hearing was conducted on October 26, 2017. ECF No. 78. Samp's offense level guideline was determined to be 18 based in part on a tax loss of $314,354 which exceeded $250,000 but was less than $550,000. His guidelines were determined to be 21 months to 27 months. However, the statutory maximum for the offense of conviction was 12 months. He was sentenced to 12 months incarceration, 12 months supervised release, and $178,112 in restitution to the United States. ECF No. 79. During the hearing, the Court accepted the Government's unchallenged calculations but excluded interest and penalties when determining Samp's restitution.

> Restitution will be ordered in the amount of $179,122. That is the amount, total amount, of the unpaid tax composed of $18,200 in 2009, $82,974 in 2010, and $76,938 in 2011. And those figures are…from the Government's filing…where the amount of the tax obligation is…outlined.

ECF No. 81 at PageID.942.

Samp did not appeal the judgment.

## B.

Samp subsequently filed a motion to vacate his sentence under 28 U.S.C. §2255. ECF No. 82. He alleges that his "sentence was based on a [sic] incorrect loss amount which resulted in a miscarriage of justice." *Id.* at PageID.949. He contends that

> I amended my 2009, 2010, and 2011 Federal tax return(s), which have been accepted by the IRS. My amended return(s) amount to a restitution order/loss amount of $26,629.08. This error violated my rights to due process of law, under the Fifth Amendment of the Constitution.

*Id.*

Samp explains that after he was sentenced, his accountant, CPA Albert Senchunk, prepared amended returns for 2009, 2010, and 2011 which Samp filed. Senchunk provided an affidavit affirming that he filed the amended returns, but it did not include copies of the amended returns or even explain how his assessment differed from the Government's earlier assessments of Samp's tax loss. Additionally, Samp did not include the amended returns with his §2255 motion nor does he indicate whether he furnished them to the Government.

Defendant explains that the 2009 amended return reflected an overpayment of $3,811, but that Samp was told that he "would not receive a refund as the return was filed after the statute of limitations expired." Senchuk Aff., ECF No. 82 at PageID.967. The amended returns reflected a balance of taxes owed of $17,145 for 2010 and $13,295 for 2011. *Id.* at PageID.969. In an affidavit, Senchuk explains that on June 29, 2018, he met with Jonathon Thomas of the IRS. *Id.* Thomas informed Senchuk that he would "forward the returns to the individual responsible for reviewing the filings in an effort to speed up the review process." *Id.* The next month, Thomas called Senchuk confirming that he had forwarded the amended returns to the appropriate person. *Id.* at PageID.970.

In her report and recommendation, Judge Morris recommended that Petitioner's sentence be vacated. Her recommendation provides:

> Petitioner's claim is one of constitutional import lurking beneath the sentencing guideline issue. The difference between the amount calculated by the government and the now IRS-accepted calculation exceeds tenfold. The difference between the guideline range of 21-27 months versus a range of 6-12 months is more than double. I suggest that these vast differences rise to the level of a potential due process violation and thus, may be reviewed by the sentencing judge under § 2255.

ECF No. 92 at PageID.1002. However, she recommended that Petitioner's request for a modification of his restitution amount be denied. *Id.* at 1004.

**II.**

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's report and recommendation. *See* Fed. R. Civ. P. 72(b)(2). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the basis of a magistrate judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the magistrate judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id.*

The Government objected to Judge Morris's report and recommendation. For the following reasons, the recommendation will be adopted in part and rejected in part.

### III.

Samp's motion will be denied for the following reasons.

### A.

Samp was provided due process throughout the entire judicial proceeding, beginning with the Government's indictments explaining the alleged tax loss in each relevant year. The second superseding indictment articulated the Government's belief about his income and the amount of taxes that he had failed to pay. ECF No. 47. It provided

> …Robert L. Samp…did willfully fail to make an income tax return to the Internal Revenue Service of the United States by April 15, 2010 on his taxable income of approximately $53,595 for calendar year 2009…[and] did willfully attempt to evade and defeat the substantial income tax due and owing by him to the United States of America on taxable income of approximately $236,569 for the calendar year 2010…[and] approximately $202,102 for the calendar year 2011.

ECF No. 47 at PageID.189-190.

Samp was provided numerous occasions to challenge or correct the tax loss assessment and did not. Prior to his sentencing, he furnished a general objection to the presentence report, but did not challenge the Government's later detailed summary of the tax loss or seek to offer any different information. Samp simply acknowledged his agreement to the Government's outline of his tax liability in principle. He cannot now claim that his due process rights were violated by the tax loss amount when he was granted multiple opportunities to contest it, but did not do so.

### B.

Neither Senchunk nor Samp provides an explanation of Senchunk's amendments to the tax returns. Samp furnishes Senchunk's affidavit, but no other documentation for review by either the

Government or the Court that would corroborate his assertion that the amended returns reflect the proper tax loss calculation.

## C.

Samp has not identified any evidence that the IRS has in fact accepted his amended returns filed in 2018 for tax years 2009, 2010, and 2011. The Report and Recommendation appears simply incorrect on that point. The fact that the IRS has received a tax return does not mean that the tax return is correct or that it accurately reflects a defendant's tax-loss calculations. The Supreme Court has held that "the Internal Revenue Code does not explicitly provide either for a taxpayer's filing, or for the Commissioner's acceptance, of an amended return; instead, an amended return is a creature of administrative origin and grace." *Badaracco v. C.I.R.*, 464 U.S. 386, 393 (1984). The IRS confirmed to CPA Senchuk that it had received Samp's amended return. However, the IRS's simple receipt of the amended return does not mean that the IRS has accepted the amended return or that it accurately represents Samp's tax loss calculations. It may or may not choose to accept Samp's amended return. Accordingly, his amended return does not necessarily accurately reflect his tax loss amount. The IRS's simple receipt of the amended tax return does not furnish any basis for vacating Samp's sentence.

## D.

Moreover, Samp did not appeal his sentence. Instead, he filed a §2255 motion. However, "Section 2255 is not a substitute for a direct appeal, and thus a defendant cannot use it to circumvent the direct appeal process." *Regalado v. U.S.*, 334 F.3d 520, 528 (6th Cir.). Where a petitioner has not filed an appeal, he can only succeed on a §2255 motion if he demonstrates that either "(1) he had good cause for his failure to raise such arguments and he would suffer prejudice if unable to proceed, or (2) he is actually innocent." *Id.*

Samp does satisfy either of these requirements. He is not alleging that his is actually innocent. He also has not demonstrated good cause for not filing an appeal. As explained above, he had multiple opportunities to contest the tax loss assessment but elected not to do so. He also did not contest the tax loss assessment on appeal. He cannot now attempt to contest it in his §2255 motion.

## E.

Most importantly, Samp does not identify any constitutional violation in conjunction with his sentence. The Sixth Circuit has held that

> [N]onconstitutional claims not raised at trial or on direct appeal are waived for collateral review except where the errors amount to something akin to a denial of due process…Given society's substantial interest in the finality of judgments, only the most serious defects in the trial process will merit relief outside of the normal appellate system…

> [N]onconstitutional errors ordinarily are not cognizable on collateral review. Defendants must assert their claims in the ordinary course of trial and direct appeal…In those rare instances where the defaulted claim is of an error not ordinarily cognizable or constitutional error, but the error is committed in a context that is so positively outrageous as to indicate a "complete miscarriage of justice," it seems to us that what really is being asserted is a violation of due process.

*Grant v. U.S.*, 72 F.3d 503, 506 (1996).

This is not such a situation in which the violation of a constitutional right is "lurk[ing] beneath [an] otherwise garden-variety issue[] of statutory rights or guideline calculations." *Id.* Samp did not file his 2009, 2010, or 2011 tax returns when they were due. Instead, he elected to wait over seven years to later file the returns, after having pleaded guilty to Count I. He cannot claim that he only now possesses information that has in fact been available to him for the last seven years.

## IV.

The amount of Samp's restitution will not be modified. Samp was ordered to pay $178,112 in restitution as a condition of his supervised release. It was not part of his sentence because "[f]ederal courts have no inherent authority to award restitution but may order the same to the extent authorized by statute." *U.S. v. Lawrence*, 557 Fed.Appx. 520, 531 (6th Cir. 2014) (citing *U.S. v. Evers*, 669 F.3d 645, 655 (6th Cir. 2012)). Under the Victim and Witness Protection Act ("VWPA"), the Court may order a defendant "convicted under Title 18 or certain enumerated sections of Titles 21 or 49" to pay restitution. *U.S. v. Edkins*, 421 Fed.Appx. 511 (6th Cir. 2010); *see also* 18 U.S.C. §3663. However, the crime for which Samp pleaded guilty, 26 U.S.C. §7203 (willful failure to file return, supply information or pay tax), is not covered by the VWPA. *U.S. v. Butler*, 297 F.3d 505, 518 (6th Cir. 2002) ("[T]he VWPA does not apply to Title 26 offenses such as tax evasion.").

Instead, a Court may order restitution as a condition of the defendant's supervised release. *Id.* 18 U.S.C. §3563(b)(3) provides that "[t]he court may provide, as further conditions of a sentence of probation…, that the defendant -- make restitution to a victim of the offense…" 18 U.S.C. §3563(b)(3).[1] Accordingly, one of the terms of Samp's supervised release was that he pay $178,112 in restitution. However, considering a modification of Samp's amount of restitution at this time would be premature. As explained above, the IRS is under no obligation to accept Samp's amended tax return. Accordingly, Samp's amended return is not necessarily an accurate reflection of the amount of his tax loss.

**V.**

---

[1] Though Samp was given a term of supervised release and not probation, §3563(b)(3) is still applicable. 18 U.S.C. §3583(d) provides that "[t]he court may order, as a further condition of supervised release…any condition set forth as a discretionary condition of probation in section 3563(b)…" 18 U.S.C. §3583(d).

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must be issued. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell,* 537 U.S. 322, 327 (2003). In applying that standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

Having considered the matter, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability is not warranted in this case. The Court further concludes that Petitioner should not be granted leave to proceed *in forma pauperis* on appeal, as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

## VI.

Accordingly, it is **ORDERED** that the Report and Recommendation, ECF No. 92, is **ADOPTED IN PART** and **REJECTED IN PART**.

It is further **ORDERED** that Petitioner's motion to vacate his sentence under 28 U.S.C. § 2255, ECF No. 82, is **DENIED**.

It is further **ORDERED** that a certificate of appealability is **DENIED.**

It is further **ORDERED** that permission to proceed *in forma pauperis* on appeal is

**DENIED.**

Dated: July 30, 2019                                    s/Thomas L. Ludington
                                                                THOMAS L. LUDINGTON
                                                                United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to **Robert Samp,** 17523 North County Road 459, Hillman, MI 49746 by first class U.S. mail on July 30, 2019.

s/Kelly Winslow
KELLY WINSLOW, Case Manager